UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LEON EUGENE MORRIS,
    Plaintiff,

v.

D. A. TRAVIS, et al.,
    Defendants.

Case No. 14-cv-05134-WHO (PR)

**ORDER OF SERVICE;**

**ORDER DIRECTING DEFENDANTS TO FILE A DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION;**

**INSTRUCTIONS TO CLERK**

## INTRODUCTION

Plaintiff Leon Morris claims that his former jailors at Salinas Valley State Prison violated his constitutional rights in numerous instances in 2004 and 2005. This is the third federal civil rights action raising nearly identical claims that Morris has filed while his actions have been assigned to me.[1]

The current complaint, which was filed under 42 U.S.C. § 1983, is now before the Court for review pursuant to 28 U.S.C. § 1915A(a). Having concluded that the complaint (Docket No. 1) states an Eighth Amendment claim, the Court directs defendants to file in response to the operative complaint a dispositive motion, or notice regarding such motion, on or before July 1, 2015, unless an extension is granted. The Court further directs that

---

[1] The other two are *Morris v. Travis*, No. 10-1040, and *Morris v. Petersen*, No. 12-2480.

1  defendants are to adhere to the notice provisions detailed in Section 10 of the conclusion of
2  this order.
3       The claims appear untimely.  Defendants may wish to file a motion to dismiss on
4  such grounds, but they are not required to do so.

## DISCUSSION

### A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Under Federal Rule of Civil Procedure 20, persons may be joined in one action as defendants only if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series

of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

**B.     Legal Claims**

Morris raises 29 claims against over 30 defendants, all employees of Salinas Valley State Prison.  He alleges that **(1)** in June 2004, correctional officers Bocella and L. Washington violated the Eighth Amendment by making him stand in a cage for 13 hours without access to food, water, or a toilet (Compl. at 3A); **(2)** in June 2004, correctional officer Cox failed to give him breakfast or lunch and said, "you don't deserve to eat" (*id.* at 3J); **(3)** on that same day, L. Washington and Bocella refused to give him dinner, (*id.*); **(4)** in November 2004, T. Robinson, D. Smith, Grande and Clare refused to serve him his meals (*id.*); **(5)** in November 2004, correctional officers Bocella and L. Washington violated the Eighth Amendment by forcing Morris, along with other inmates, to stand outside in the cold weather for over 6 hours (*id.* at 3A-3B); **(6)** in November 2004, Lt. Rankin falsified a rules violation report against Morris (*id.* at 3F); **(7)** in November 2004, correctional officers C. Searby and T. Ortega denied him his dinner and his mail (*id.* at 3J); **(8)** in November 2004, C. Searby and T. Ortega refused to give Morris food (*id.* at 3H-3I); **(9)** in October, November and December 2014 and in February 2005, Biaggini, C. Tschabold, G. Bailey, C. Wilson, P. Rivera, and L. Orneles "tore up" his cell on numerous occasions, leading to missing property, which Mercado refused to return (*id.* at 3G-3H); **(10)** in December 2004, C. Wilson gave him a sack lunch containing only a rotten pear (*id.* at 3J); **(11)** in December 2004, G. Bailey, C. Wilson, and P. Rivera refused to provide breakfast (*id.*); **(12)** in December 2004, O. Hernandez and M. Herera gave him an inadequate lunch (*id.*); **(13)** in December 2004, C. Tschabold and L. Orneles gave him an inadequate lunch (*id.*); **(14)** in January 2005, L. Orneles and R. Machuca gave him nothing to eat (*id.*); **(15)** in January 2005, Sotelo, Rocha, Picaszo. D. Perez, Reyes, and Burke refused to serve him his meals (*id.*); **(16)** in January 2005, Clare, Nuno, and Cole did not serve him his dinner (*id.* at 3K); **(17)** in January 2005, C. Tschabold gave him an inadequate meal (*id.* at 3J); **(18)** in January 2005, L. Ornelas and R. Machuca withheld his

1  mail (*id.* at 3I); **(19)** in February 2005, G. Bailey gave him an inadequate meal (*id.* at 3K);
2  **(20)** in February 2005, Sotello, S. Rodrigues, R. Machuca, J. Garcia, Perez, and A.
3  Villalobos denied him breakfast and lunch (*id.*); **(21)** in February 2005, J. Rodriguez and
4  A. Guererro denied him lunch (*id.*); **(22)** in February 2005, correctional officers L. Orneles
5  and Tschabold and G. Bailey told fellow prisoners that Morris had been convicted of
6  murder and announced the name of the victim (*id.* at 3I-3J); **(23)** in two days during March
7  2005, correctional officers Biaggini, Ippolito, McBride, G. Bailey, C. Searby, R. Grand,
8  Hood and Silva violated the Eighth Amendment by forcing him to stay outside in the cold
9  and depriving him of sleep just after Morris had had surgery in retaliation for not taking a
10 cellmate (*id.* at 3B-3C); **(24)** in April 2005, correctional officer C. Searby failed to deliver
11 a letter to Morris wrote to Dr. Lee, a physician (*id.* at 3D); **(25)** in March, April, and May
12 2005, correctional officers C. Wilson, C. Tschabold, L. Washington, C. Searby, R. Chavez,
13 D. Smith, L. Orneles, R. Machuca Jr., and Santiago were deliberately indifferent to his
14 serious medical needs when they ignored a doctor's treatment instructions (*id.* at 3D-3E);
15 **(26)** in April 2005, R. Chavez falsified a rules violation report against Morris (*id.* at 3F);
16 **(27)** in April 2005, Rocha, T. Ortega, Burke, Picaszso, Sotelo, R. Machuca Jr., Aldana,
17 Reyes, D. Perez, and R. Pocello withheld a piece of Morris's incoming legal mail for six
18 weeks (*id.* at 3I); **(28)** in May 2005, C. Wilson gave Morris a "mildewed lunch" (*id.*); and
19 **(29)** in July 2005, E. Sanchez refused to serve him breakfast (*id.* at 3J).
20       These claims are unrelated by fact or law, and therefore fall afoul of Federal Rule of
21 Civil Procedure 20.  They involve different defendants (over 30) committing different acts
22 (deliberate indifference, withholding mail and meals, violations of due process) at different
23 times over two years.  Morris attempts to link these disparate events by alleging that they
24 are acts of retaliation by the Salinas Valley correctional officers (whom he collectively
25 calls the "Greenwall Gang") who dislike Morris because he files inmate grievances and
26 sends letters of complaint.  As proof of this conspiracy to retaliate, he alleges that in
27 January 2005, correctional officer Ippolito told Morris that "everyone hate[s]" him because
28 of "the paperwork (602's & letters)."  (Compl. at 3K.)  This is insufficient to justify the

inclusion of these disparate claims in one action. First, Ippolito's statement does not indicate what specific persons constitutes "everyone," and certainly does not tie any specific defendant named in the complaint as part of "everyone."[2] Second, the statement does not provide specific facts indicating which claims are instances of retaliation. Nor does it indicate whether the statement applies to the events in 2004 or 2005, or both. Third, there is no specific allegation that Morris filed a 602 grievance against each defendant before the allegedly retaliatory action occurred.

Accordingly, the sole claim that shall proceed here is the one that occurred earliest in time, specifically, the one alleging that in June 2004, correctional officers Bocella and L. Washington violated the Eighth Amendment by making him stand in a cage for 13 hours without access to food, water, or a toilet (Compl. at 3A). When liberally construed, this claim is cognizable under § 1983. The remaining claims are DISMISSED without prejudice to Morris bringing them in separate actions, either in state or federal court.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint in this matter (Docket No. 1), all attachments thereto, and a copy of this order to Bocella and L. Washington, correctional officers at Salinas Valley State Prison. The Clerk shall also mail courtesy copies of the complaint and this order to the California Attorney General's Office.

2. No later than ninety (90) days from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

    a. If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C.

---

[2] Morris states that "everyone" means all the defendants listed in the complaint. (Compl. at 3K.)

5

§ 1997e(a), defendants shall do so in a motion for summary judgment, as required by *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc).

        b.     Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

    3.     Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than forty-five (45) days from the date defendants' motion is filed.

    4.     Defendants shall file a reply brief no later than fifteen (15) days after plaintiff's opposition is filed.

    5.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    6.     All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

    7.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

    8.     It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    9.     Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

1      10. The Ninth Circuit requires that pro se prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions, rather than when the court orders service of process or otherwise before the motions are filed. *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir. 2012). Defendants shall provide the following notice to plaintiff when they file and serve any motion for summary judgment:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998).

**IT IS SO ORDERED.**

**Dated:** March 30, 2015



WILLIAM H. ORRICK
United States District Judge