UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK GRANT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ALAMEDA COUNTY SHERIFFS DEPARTMENT, et al.,<br><br>　　　　Defendants. | Case No. 11-cv-04440-WHO<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT;**<br><br>**ORDER REFERRING THE ACTION TO JUDGE VADAS FOR SETTLEMENT**<br><br>Dkt. No. 29 |

## INTRODUCTION

In this civil rights action brought under 42 U.S.C. section 1983, plaintiff Patrick Grant, a state prisoner, claims that defendant Alameda County Deputy Sheriff Dennis Teichera used excessive force against him, thereby violating his Fourteenth Amendment rights as a pretrial detainee. Teichera moves for summary judgment. Because the parties offer strongly contradictory versions of the crucial events, the motion will be denied and the action referred to Judge Nandor Vadas for purposes of settlement.

## STANDARD OF REVIEW

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those

1   which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,
2   248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a
3   reasonable jury to return a verdict for the nonmoving party. *Id.*
4     The party moving for summary judgment bears the initial burden of identifying
5   those portions of the pleadings, discovery and affidavits which demonstrate the absence of
6   a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
7   Where the moving party will have the burden of proof on an issue at trial, it must
8   affirmatively demonstrate that no reasonable trier of fact could find other than for the
9   moving party. On an issue for which the opposing party by contrast will have the burden
10  of proof at trial, as is the case here, the moving party need only point out "that there is an
11  absence of evidence to support the nonmoving party's case." *Id.* at 325.
12    Once the moving party meets its initial burden, the nonmoving party must go
13  beyond the pleadings and, by its own affidavits or discovery, set forth specific facts
14  showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(c). The Court is
15  concerned only with disputes over material facts and "[f]actual disputes that are irrelevant
16  or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. It is not the task of the
17  court to scour the record in search of a genuine issue of triable fact. *Keenan v. Allan*, 91
18  F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying, with
19  reasonable particularity, the evidence that precludes summary judgment. *Id.* If the
20  nonmoving party fails to make this showing, "the moving party is entitled to a judgment as
21  a matter of law." *Celotex*, 477 U.S. at 323 (internal quotations omitted).

## DISCUSSION

23    Grant alleges that while he was a pretrial detainee at the Alameda County Jail,
24  defendant Teichera[1] used excessive force against him on either June 5th or 11th of 2010.[2]

---

[1] Grant also alleged that other deputy sheriffs used excessive force or failed to protect him. The Court, however, found only his claims against Teichera cognizable. (Order of Service, Docket No. 17 at 2-3.)

[2] June 11th is the date given in the operative (and first amended) complaint (FAC at 3), while June 5th is the date given in the opposition (Opp. at 4), and in Grant's inmate

2

1   On the subject date, Grant was escorted with other inmates from the exercise yard back to
2   his housing unit. (First Am. Compl. ("FAC") at 3.) When he was about five feet from the
3   entrance to his unit, an unnamed deputy sheriff, responding to an altercation that did not
4   involve the group Grant was in, entered the unit and yelled at all inmates to get on the
5   ground. (*Id.* at 3-4.) Grant complied with these directions by sitting on the floor. (*Id.* at
6   4.)

7   Another (unnamed) deputy then ordered all inmates to lie prone on the floor. (*Id.*)
8   Grant complied, though he did ask why. (*Id.*) When Grant spoke to an inmate lying hear
9   him, Teichera told him to "Shut the fuck up." (*Id.*) Grant smacked his lips, but said
10  nothing. (*Id.*)

11  According to Grant, an inmate exacerbated the situation by telling Teichera that
12  Grant was "giving [him] shit." (*Id.*) Deputy DeMott and Teichera approached Grant.
13  Teichera told him "to put his fucking hands behind his back," but before waiting for Grant
14  to comply, he "kneed" him in the back as he tried to secure the handcuffs on Grant. (*Id.* at
15  5.) Teichera told Grant that if he did not "shut the fuck up[,] he would get beat[en]," and
16  called out "Taser!" (*Id.* at 5, 12.) Other deputies assaulted and tasered Grant. (*Id.* at 5-6.)
17  In Grant's opposition, but not in the operative complaint, he alleges that Teichera tasered
18  and punched him while he was helpless on the ground. (Pl.'s Opp. to Mot. for Summ. J.
19  ("Opp.") at 12.) He alleges that he suffered injuries that required medical attention and
20  that the deputies' actions, which included a choke-hold, rendered him nearly unconscious.
21  (FAC at 5-6.)

22  Teichera offers a different version of events. After telling the inmates to lie on the
23  ground with their hands away from their bodies, deputies noticed Grant, noncompliant,
24  yelling unintelligibly from under a staircase while lying prone on the ground with his arms
25  pulled under his chest. (Def.'s Mot. for Summ. J ("MSJ") at 3.) Teichera ordered Grant to
26  stop talking and remain quiet. (*Id.*) Grant questioned these orders ("This is bullshit!") and

27

28  grievance (FAC, Ex. A at 1). Defendant gives June 5th.

3

1 his yelling started to incite the other inmates. (*Id.*)

2 Teichera and another deputy, DeMott attempted to handcuff and remove Grant, but he actively resisted. (*Id.*) Teichera ordered Grant to stop resisting, and when compliance was not forthcoming, he struck Grant's right shoulder and upper torso with his knees several times. (*Id.*) Owing to Grant's continued resistance, two other deputies, Morodomi and Banks, tasered Grant twice until he was under control and could be removed. (*Id.*) Teichera denies that he tasered Grant, or ordered him to be tasered. (*Id.*) Because of these efforts to restrain Grant, one deputy suffered a laceration behind his right ear and another received a bite to his hand. (*Id.* at 5.)

The Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment. *See Graham v. Conner*, 490 U.S. 386, 395 n. 10 (1989) (citing *Bell v. Wolfish*, 441 U.S. 520, 535-39 (1979)); *see also Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1197 (9th Cir. 2002). Although the Due Process Clause protects pretrial detainees, "the Fourth Amendment sets the 'applicable constitutional limitations' for considering claims of excessive force during pretrial detention." *Gibson*, 290 F.3d at 1197 (quoting *Pierce v. Multnomah Cnty.*, 76 F.3d 1032, 1043 (9th Cir. 1996)). Whether the force was excessive depends on "whether the officers' actions [were] 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397 (1989). The Court must balance the nature and quality of the intrusion against the countervailing governmental interests at stake. *Id.* at 396.

There is an obvious dispute as to material facts in this case, and the motion for summary judgment will be denied. The parties offer crucially different versions of events. Grant asserts that Teichera used excessive force. He alleges that despite his compliant manner, Teichera was aggressive, hostile, and unnecessarily violent. These allegations present a situation in which a state pretrial detainee was the victim of an unprovoked and unnecessary attack resulting in pain and bodily injury.

4

Teichera, however, asserts that Grant was oppositional, failed to comply with orders, and presented a physical threat, to which he responded with appropriate force. The evidence presented by defendant constitutes the type of good-faith efforts necessary to maintain prison order.

The Court is consequently presented with two diametrically opposed sets of facts on the critical issue of whether the force used against Grant was constitutionally appropriate. Because Grant has shown a genuine dispute of material fact as to his Fourteenth Amendment claims against Teichera, the motion for summary judgment is DENIED. The Court will refer this action for settlement, as detailed in the conclusion of this order.

## CONCLUSION

Defendants' motion for summary judgment (Docket No. 29) is DENIED.

This action is hereby REFERRED to Magistrate Judge Nandor Vadas for purposes of settlement pursuant to the Pro Se Prisoner Mediation Program. The proceedings will consist of one or more conferences as determined by Judge Vadas. They shall take place within 180 days of the date this order is filed. Judge Vadas shall coordinate a time and date for the conferences with all interested parties and/or their representatives and, within 180 days after the conclusion of the conference(s), file a report regarding the settlement proceedings. **Grant must attend all conferences scheduled by Judge Vadas. Failure to attend even one conference may result in the dismissal of this action with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.**

The Clerk shall forward a copy of this order to Judge Vadas's chambers, and terminate Docket No. 29.

**IT IS SO ORDERED.**

**Dated:** June 23, 2015

WILLIAM H. ORRICK
United States District Judge