1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10
11

LEON EUGENE MORRIS,

Plaintiff,

Case No.  14-cv-05134-WHO (PR)

12
13

v.

**ORDER OF DISMISSAL;**

14

D. A. TRAVIS, et al.,

**ORDER REVOKING IN FORMA PAUPERIS STATUS**

15

Defendants.

Dkt. No. 16

16
17

**INTRODUCTION**

18

Defendants move to dismiss as untimely plaintiff Leon Morris's civil rights suit

19

which he brought pro se under 42 U.S.C. § 1983 against his former jailors at Salinas

20

Valley State Prison.  They also move to revoke Morris's *in forma pauperis* ("IFP") status

21

on grounds that he has filed at least three actions that have been dismissed as frivolous or

22

for failure to state a claim.  The motion is unopposed.  A response to this motion was due

23

more than two months ago, on September 25, 2015 (a deadline set after the Court granted

24

Morris an extension of time), but Morris has neither filed an opposition nor requested any

25

further extension of time to file one.

26
27
28

United States District Court
Northern District of California

United States District Court
Northern District of California

Defendants are correct that Morris's decade-old claims are barred by the statute of limitations, even when time for equitable tolling is taken into account.[1]  They are also correct that Morris's IFP status should be revoked.  Accordingly, the motion to dismiss is GRANTED, the action is DISMISSED, and Morris's IFP status is REVOKED.

## BACKGROUND

Morris's original complaint alleged 29 quite varied claims (excessive force, deprivation of due process, deliberate indifference, withholding mail) against over 30 defendants at Salinas Valley State Prison regarding events that occurred in 2004 and 2005. In its screening order, the Court dismissed without prejudice all but Morris's claim that on June 8, 2004, correctional officers R. Boccella and L. Washington violated his Eighth Amendment rights by forcing him to stand in a small cell for thirteen hours without access to food, water, or a toilet.

Morris, a state prisoner who is serving a term of 28 years to life, attempted to raise these same claims in four prior actions, one in 2005 and the other three in 2007, 2008, and 2010.  *See Morris v. Woodford*, No. C 05-4677 MJJ; *Morris v. Woodford*, No. 07-4198 MJJ; *Morris v. Woodford*, No. C 08-3435 SI; and *Morris v. Travis*, No. C 10-4010 WHO. These prior attempts were unsuccessful.  In the first two cases, the Court denied Morris's pauper application because he had filed at least three prior actions that had been dismissed as frivolous or malicious, or for failure to state a claim, and dismissed the action without prejudice to Morris bringing those claims in an action for which he paid the full filing fee. In the 2008 case, the Court dismissed Morris's claims against Boccella and Washington because they were not properly joined, and later dismissed the suit for failure to serve process.  In the 2010 case, the Court dismissed Morris's claims against Boccella and Washington because they were not properly joined, and later dismissed the suit as untimely.  (Defs.' Mot. to Dismiss ("MTD") at 3-4, Exs. B-M.)

---

[1] The Court recently dismissed on the same grounds another of Morris's suits (No. 10-4010 WHO).

1        The dismissal in the 2005 case was affirmed on appeal by the Ninth Circuit in Case

2   No. 06-15869.  The appeal of the 2007 action was dismissed by the Ninth Circuit in Case

3   No. 08-15956.  Morris did not appeal the 2008 dismissal.  (*Id.* at 3-5.)  The 2010 case is

4   currently on appeal.

5   **DISCUSSION**

6        Defendants contend that (1) Morris's suit under § 1983 is barred by the statute of

7   limitations, and (2) his IFP status should be revoked.

8   **1.     Statute of Limitations**

9        Section 1983 takes its limitations period from the forum state's statute of limitations

10  for personal injury torts, *see Wilson v. Garcia*, 471 U.S. 261, 276 (1985), which, in

11  California, is two years as of 2003, s*ee Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir.

12  2004); Cal. Civ. Proc. Code § 335.1.  This two-year statute of limitations period is tolled

13  for two years if the plaintiff is a prisoner serving a term of less than life thus giving such

14  prisoners effectively four years to file a federal suit.  *See* Cal. Civ. Proc. Code § 352.1(a);

15  *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002) (federal courts borrow the state's

16  equitable tolling rules if they are not inconsistent with federal law).  The statute of

17  limitations starts to run when the plaintiff's claim has accrued, that is, when he knows or

18  has reason to know of the injury that is the basis of his action.  *Two Rivers v. Lewis*, 174

19  F.3d 987, 991 (9th Cir. 1998).

20       Morris's claims are barred by the statute of limitations.  His claim accrued, and the

21  statute of limitations started running, on June 8, 2004 when the prison guards allegedly

22  confined him in a small cell.  He was entitled to four years (the sum of the time allowed by

23  the usual limitations period plus equitable tolling under section § 352.1) from that time to

24  file suit because he is a prisoner serving a term of less than life.  This means that he had

25  until June 8, 2008, at the latest, to file suit.  The suit was not filed until 2014, which is well

26  after the 2008 deadline.

27       Morris's prior lawsuits do not toll the statute of limitations under either state or

28  federal law.  California treats an action dismissed without prejudice as if "no action has

United States District Court<br>Northern District of California

3

United States District Court
Northern District of California

1   been brought," unless a statute specifies otherwise.  *Wood v. Elling Corp.*, 20 Cal. 3d 353,

2   359 (Cal. 1977).  In an appropriate case, however, the statute of limitations might be tolled

3   for time spent pursuing a remedy in another forum (such as state court) before filing the

4   claim in federal court.  *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993)

5   (quoting *Addison v. California*, 21 Cal. 3d 313, 317 (1978)) (equitable tolling "reliev[es]

6   plaintiff from the bar of a limitations statute when, possessing several legal remedies he,

7   reasonably and in good faith, pursues one designed to lessen the extent of his injuries or

8   damage.")  Morris's action does not fall under this exception because he did not pursue his

9   remedies in another forum before filing his federal suits.

10         Federal law provides no relief for Morris because his prior lawsuits were dismissed

11   without prejudice, enabling him to refile at any time.  "[I]f the suit is dismissed without

12   prejudice, meaning that it can be refiled, then the tolling effect of the filing of the suit is

13   wiped out and the statute of limitations is deemed to have continued running from

14   whenever the cause of action accrued, without interruption by that filing."  *Elmore v.*

15   *Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000); *O'Donnell v. Vencor, Inc.*, 466 F.3d

16   1104, 1111 (9th Cir. 2006) (citing with approval *Chico–Velez v. Roche Prods., Inc.*, 139

17   F.3d 56, 59 (1st Cir. 1998), which cited eight federal circuits for the rule that the statute of

18   limitations is not tolled when a complaint containing the same claims as a later suit is

19   dismissed without prejudice).

20         Defendants' motion to dismiss is GRANTED.  Morris's claims are DISMISSED

21   WITH PREJUDICE.

22   **2.      Revocation of In Forma Pauperis Status**

23         Defendants contend that Morris has filed at least six prisoner lawsuits and appeals

24   that were dismissed on grounds that they were frivolous, malicious, or failed to state

25   claims for relief.  According to defendants, these prior suits justify the revocation of

26   Morris's IFP status under 28 U.S.C. § 1915.  (MTD at 10.)

27         A prisoner may not bring a civil action IFP under 28 U.S.C. § 1915 "if the prisoner

28   has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an

4

action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." *Id.* § 1915(g).   The prisoner must be given notice of the potential disqualification under § 1915(g), and defendants bear the initial burden of providing supporting documentary evidence. *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005).  "Once the defendants have met this initial burden, the burden then shifts to the prisoner, who must attempt to rebut the defendants' showing by explaining why a prior dismissal should not count as a strike." *Id.* The prisoner bears the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him.  *Id.*

Defendants have met their burden.  The Court finds that, pursuant to *Andrews*, defendants, by way of the instant motion, gave Morris notice of the potential applicability of § 1915(g).  Specifically, defendants have given Morris notice that the following dismissals may be counted for purposes of § 1915(g):  (1) *Morris v. Duncan*, No. C 02-00928 MJJ (N.D. Cal. May 3, 2002) (civil rights action dismissed at screening for failure to state a claim); (2) *Morris v. Woodford*, No. C 05-04677 MJJ (N.D. Cal. Apr. 18, 2006) (civil rights action dismissed without prejudice on three strikes grounds); (3) *Morris v. Woodford*, No. C 06-15869 (9th Cir. Jun. 20, 2007) (appeal dismissed and judgment of district court summarily affirmed on the merits); (4) *Morris v. Lushia*, No. C 00-56600 (9th Cir. Apr. 16, 2001) (appeal dismissed for failure to pay filing fee); (5) *Morris v. Woodford*, No. C 07-04198 MJJ (N.D. Cal. Apr. 3, 2008) (civil rights action dismissed without prejudice on three strikes grounds; and (6) *Morris v. Woodford*,  No. C 08-15956 (9th Cir. Aug. 13, 2008) (appeal dismissed for failure to pay filing fee).  (MTD, Exs. B-Q.) In a prior action the Court determined that three of these actions constituted strikes under § 1915(g).[2]  Those strikes are (1) *Morris v. Duncan*, No. 02-00928; (2) *Morris v. Lushia*, No. C 00-56600; and (3) *Morris v. Woodford*, No. C 06-15869.

---

[2] Case No. 12-2480 WHO, Docket No. 33.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Morris, however, has not met his burden.  He has not filed an opposition to the

2    motion, or otherwise shown that § 1915(g) does not bar IFP status for him.  He therefore

3    may proceed IFP only if he is seeking relief from a danger of serious physical injury which

4    is "imminent" at the time of filing.  *Andrews*, 398 F.3d at 1052-53.  He has made no such

5    allegation or showing and therefore has not shown that he is entitled to protection under

6    the imminent danger exception.  Defendants' motion to revoke Morris's IFP status is

7    GRANTED.

8                                    **CONCLUSION**

9    Defendants' motion to dismiss (Docket No. 16) is GRANTED and this § 1983 suit

10   is DISMISSED WITH PREJUDICE.  Their motion to revoke Morris's IFP status is

11   GRANTED, his IFP status is REVOKED, and the order granting such status (Docket No.

12   6) is VACATED.

13   The Clerk shall terminate Docket No. 16, enter judgment in favor of defendants,

14   and close the file.

15   **IT IS SO ORDERED.**

16   **Dated:**  December 14, 2015

17


18   WILLIAM H. ORRICK
     United States District Judge

19

20

21

22

23

24

25

26

27

28